UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HELEN ABRAHAM and NATOYA KERDEANE SYLVESTER, on behalf of themselves, individually, and on behalf of all others similarly-situated,<br><br>         Plaintiffs,<br><br>    -against-<br><br>PROMISE HOME CARE AGENCY, INC.,<br><br>         Defendant. | **COMPLAINT**<br><br>Docket No.:  18-cv-4502<br><br>Jury Trial Demanded |

   HELEN ABRAHAM and NATOYA KERDEANE SYLVESTER (together, where appropriate, as "Plaintiffs"), on behalf of themselves, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through their attorneys, BORRELLI & ASSOCIATES, P.L.L.C, as and for their Complaint against PROMISE HOME CARE AGENCY, INC., ("Defendant"), allege upon knowledge as to themselves and their own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

   1.  This is a civil action for damages and equitable relief based upon violations that Defendant committed of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (iv) the NYLL's requirement that employer furnish employees with a wage notice at hire containing specific categories of accurate information, N.Y. Lab. Law § 195(1); (v) the NYLL's requirement

1

that employers pay wages to their employees who perform manual work pursuant to the terms of employment not less frequently than on a weekly basis, NYLL § 191(1)(a); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiffs have worked for Defendant - - a home health care staffing agency - - as in-home caregivers from February and April 2017, respectively, to the present. As described below, throughout their employment, Defendant has willfully failed to pay Plaintiffs the wages lawfully due to them under the FLSA and the NYLL. Specifically, for the entirety of their employment, Defendant has required Plaintiffs to routinely work more than forty hours in a workweek, but has failed to compensate them at the statutorily-required overtime rate of one and one-half times their respective regular rates of pay for any hours that they worked each week in excess of forty. Instead, Defendant paid them at their straight-time rates of pay for all hours worked each week, including those in excess of forty.

3. Additionally, Defendant has failed to provide Plaintiffs with accurate wage statements on each payday or with accurate wage notices at their time of hire displaying their overtime rates of pay, and further failed to pay Plaintiffs, manual workers, all of their earned wages on at least as frequently as a weekly basis, all as the NYLL requires.

4. Defendant has paid and treated all of its caregivers in the same manner.

5. Accordingly, Plaintiffs bring this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendant's violations of the FLSA. Plaintiffs bring all claims under the NYLL on behalf of themselves, individually, and on behalf of any FLSA Plaintiff who opts-into this action, as that term is defined below.

6. Plaintiffs also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendant's violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9. At all relevant times herein, Plaintiff Abraham has worked for Defendant in New York and was and is an "employee" entitled to protection as defined by the FLSA, NYLL, and NYCCRR.

10. At all relevant times herein, Plaintiff Sylvester has worked for Defendant in New York and was and is an "employee" entitled to protection as defined by the FLSA, NYLL, and NYCCRR.

11. At all relevant times herein, Defendant was and is a New York corporation, with its principal place of business located at 772 East 233rd Street, Bronx, New York 10466.

12. At all relevant times herein, Defendant was and is an "employer" within the meaning of the FLSA and NYLL. Additionally during all relevant times, Defendant's qualifying

3

annual business exceeded and exceeds $500,000.00, and Defendant was and is engaged in interstate commerce within the meaning of the FLSA, as it interacts with and receives payments from out-of-state insurance carriers, as well as from federal and state government health programs such as Medicaid, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiffs seeks to bring this suit to recover from Defendant unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

> Current and former caregivers, who during the applicable FLSA limitations period, performed any work for Defendant, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

14. Defendant treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiffs and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

15. At all times during the applicable FLSA limitations period, Defendant is and has been aware of the requirements to pay Plaintiffs and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet it purposefully and willfully chose and chooses not to do so.

16. Thus, all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay its employees overtime compensation for all hours worked per workweek above forty in violation of the FLSA.

## **RULE 23 CLASS ALLEGATIONS**

17. In addition, Plaintiffs seek to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on their own behalf, as well as on behalf of those who are similarly situated who, during the applicable limitations period, were subjected to violations of the NYLL and NYCCRR.

18. Under FRCP 23(b)(3), Plaintiffs must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

19. Plaintiffs seek certification of the following FRCP 23 class:

   Current and former caregivers who performed any work for Defendant on or after January 1, 2015 within the State of New York ("Rule 23 Plaintiffs").

### Numerosity

20. From January 1, 2015 to the present Defendant has, in total, employed at least forty employees that are putative members of this class.

Common Questions of Law and/or Fact

21. There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendant required and requires Rule 23 Plaintiffs to perform; (2) the manner of compensating Rule 23 Plaintiffs; (3) whether Defendant paid and pays Rule 23 Plaintiffs overtime wages at time and one their respective regular rates of pay for all overtime hours worked over forty in a week; (4) whether Defendant failed and fails to furnish Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3); (5) whether Defendant failed and fails to furnish Rule 23 Plaintiffs with accurate wage notices at the time of their hire containing the information required by NYLL § 195(1); (6) whether Defendant failed and fails to pay Rule 23 Plaintiffs their wages on at least as frequently as a weekly basis; (7) whether Defendant has any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (8) whether Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and NYCCRR; and (9) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

22. As described in the "Background Facts" section below, Defendant employed Plaintiffs and Rule 23 Plaintiffs within the meaning of the NYLL and NYCCRR. Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendant in New York, and Defendant did and does not pay them overtime wages for all hours worked over forty each week, nor did and does Defendant furnish them with proper wage statements or wage notices when the law requires, nor did and does Defendant pay them their wages at least as frequently as on a weekly basis. Plaintiffs and the Rule

23 Plaintiffs enjoy the same statutory rights under the NYLL and NYCCRR to be paid all of their earned overtime wages, and to be furnished with accurate wage statements on each payday and wage notices upon hire, and to be paid at least as frequently as on a weekly basis. Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL and NYCCRR. Plaintiffs and the Rule 23 Plaintiffs all have suffered injury, including lack of prompt compensation or under-compensation due to Defendant's common policies, practices, and patterns of conduct. Thus, Plaintiffs' claims and/or Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendant's defenses to those claims.

<u>Adequacy</u>

23.     Plaintiffs, as described below, have worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendant. Defendant regularly failed and fails to pay Plaintiffs overtime wages at the rate of time and one-half their respective regular rates of pay for hours worked over forty each week, did and does not furnish Plaintiffs with accurate wage statements on each payday, did and does not furnish Plaintiffs with accurate wage notices upon hire, and did and does not pay Plaintiffs their wages at least as frequently as on a weekly basis, which is substantially similar to how the Defendant paid and treated and pays and treats the Rule 23 Plaintiffs. Plaintiffs fully anticipate providing discovery responses and testifying under oath as to all of the matters pertaining to them raised in this Complaint and that will be raised in the Defendant's Answer. Thus, Plaintiffs would properly and adequately represent the current and former employees whom the Defendant has subjected to the treatment alleged herein.

24.     Additionally, Plaintiffs' counsel has substantial experience in this field of law.

<u>Superiority</u>

25.     Plaintiffs have no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendant has treated Plaintiffs identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

26.     Any lawsuit brought by any caregiver of Defendant would be identical to a suit brought by any other similar employee for the same violations.  Thus, separate litigation would risk inconsistent results.

27.     Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

28.     Defendant is a New York corporation that runs a home healthcare staffing agency, which provides in-home health care services, including personal grooming, meal and errands preparation, house cleaning and general housekeeping, and other in-home services to clients.

29.     On or about April 23, 2017, Plaintiff Abraham commenced her employment with Defendant as a home health aide / caregiver.

30.     On or about February 20, 2017, Plaintiff Sylvester commenced her employment with Defendant as a home health aide / caregiver.

31.     Both Plaintiffs remain employed with Defendant in that role as of the date of filing of this Complaint.

32.     Throughout Plaintiffs' employment, Defendant required them to work in the homes of various families in the Bronx, New York, providing care primarily to disabled children.

33. Both Plaintiffs' primary duties - - and well more than 25% of their duties - - as caregivers consisted of performing manually laborious tasks in providing services for the infirm, such as preparing meals, feeding, grooming, bathing, and accompanying patients to doctor's appointments, doing laundry, and running other errands for patients.

34. With the exception of the first few weeks of Plaintiff Abraham's employment, Defendant required both Plaintiffs to work - - and both Plaintiffs did in fact work - - over forty hours each week or virtually each week.

35. By way of example only, during the workweek of May 29 through June 4, 2017, Defendant required Plaintiff Abraham to work, and Plaintiff Abraham did work, forty-eight hours through four twelve-hour shifts, from 8:00 a.m. to 8:00 p.m., on Monday, Tuesday, Wednesday, and Sunday of that week.

36. By way of example only, during the workweek of August 21 through August 27, 2017, Defendant required Plaintiff Sylvester to work, and Plaintiff Sylvester did work, sixty hours through five twelve-hour shifts, from 8:00 p.m. to 8:00 a.m., on Tuesday, Thursday, Friday, Saturday, and Sunday of that week.

37. For each workweek that Plaintiff Abraham worked, including in the example week just provided, Defendant paid and continues to pay Plaintiff Abraham at the rate of $32.00 per hour for all hours worked.

38. For each workweek that Plaintiff Sylvester worked, including in the example week just provided, Defendant paid and continues to pay Plaintiff Sylvester at the rate of $27.00 per hour for all hours worked.

39. Throughout the entirety of both Plaintiffs' employment, including in the example weeks just provided, Defendant failed and continues to fail to pay Plaintiffs at their respective

overtime rates of time and one-half their regular rates for any hours that Plaintiffs worked over forty in a workweek.

40. Defendant paid and pays Plaintiffs on a bi-weekly basis.

41. On each occasion when it paid Plaintiffs, Defendant intentionally failed and continues to fail to provide Plaintiffs with a wage statement that accurately listed, *inter alia*, their actual overtime rates of pay for all hours worked over forty each week.

42. Additionally, Defendant intentionally did not provide Plaintiffs with wage notices at the time of their hire that accurately contained, *inter alia*, Plaintiffs' overtime rates of pay as designated by the employer.

43. Defendant treated and paid Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

44. Defendant acted in the manner described herein so as to maximize its profits while minimizing its labor costs and overhead.

45. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendant's benefit.

## **FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Overtime under the FLSA*

46. Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

48. As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

49. As also described above, Plaintiffs and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the FLSA's overtime provisions.

50. Defendant willfully violated the FLSA.

51. Plaintiffs and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

52. Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime under the NYLL and the NYCCRR*

53. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

55. As described above, Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts into this action, are employees within the meaning of the NYLL and the NYCCRR.

56. As also described above, Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

57. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

58. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and NYCCRR's overtime provisions.

### **THIRD CLAIM FOR RELIEF AGAINST DEFENDANT**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

59. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

61. As described above, Defendant, on each payday, failed to furnish Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, with accurate wage statements containing the criteria required under the NYLL.

62. Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), Defendant is liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, in the amount of $100.00 for each workweek after the violation occurred, up to a statutory cap of $2,500.00.

63. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, in the amount of $250.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

64. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

65. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

66. As described above, Defendant failed to furnish Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, with an accurate wage notice at hire containing all of the criteria required under the NYLL.

67. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, in the amount of $50.00 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.00.

68. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, in the amount of $50.00 for each workday after the violations initially occurred, up to a statutory cap of $5,000.00.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Failure to Pay Weekly Wages in Violation of the NYLL*

69. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

70. NYLL § 191(1)(a) requires employers to pay "manual workers" at least as frequently as on a weekly basis.

71. As described above, Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, were and are "manual workers" under the NYLL in that at least twenty-five percent of their work was and is spent performing manual tasks.

72. As also described above, Defendant failed to compensate Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, on at least as frequently as a weekly basis, in violation of NYLL § 191(1)(a).

73. As a result of Defendant's failure to pay Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, all of their wages in a timely manner, Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, are entitled to liquidated damages in an amount equal to 100% of each late payment, as well as interest and attorneys' fees.

## DEMAND FOR A JURY TRIAL

74. Pursuant to FRCP 38(b), Plaintiffs, Rule 23 Plaintiffs, and FLSA Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

    c.    An order restraining Defendant from any retaliation against Plaintiffs, Rule 23 Plaintiffs, and FLSA Plaintiffs for participation in any form in this litigation;

    d.    Designation of this action as an FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

    e.    Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

    f.    Designation of Plaintiffs and their counsel as class/collective action representatives under the FRCP and the FLSA;

    g.    All damages that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for the Defendant's unlawful payment practices;

    h.    Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

    i.    Awarding Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiffs;

    j.    Pre-judgment and post-judgment interest, as provided by law; and

k.  Granting Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
  May 21, 2018

           Respectfully submitted,

           BORRELLI & ASSOCIATES, P.L.L.C.
           *Attorneys for Plaintiffs*
           655 Third Avenue, Suite 1821
           New York, New York 10017
           Tel.: (212) 279-5000
           Fax: (212) 679-5005

By: _____
           MICHAEL R. MINKOFF (MM 4787)
           ALEXANDER T. COLEMAN (AC 1717)
           MICHAEL J. BORRELLI (MB 8533)