UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HELEN ABRAHAM, et al.,                            :

                                               :      ORDER
             Plaintiffs,
                                               :      18 Civ. 4502 (GWG)

  -v.-

                                               :

PROMISE HOME CARE AGENCY, INC.,                    :

                                               :
             Defendant.           :
-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/11/20

GABRIEL W. GORENSTEIN, United States Magistrate Judge

      Oral argument on the pending motion to approve the proposed settlement will take place on Friday, February 14, 2020, at 11:00 a.m. in Courtroom 6-B, United States Courthouse, 500 Pearl Street, New York, New York. This is the only matter scheduled for this date and time. Please be sure to arrive sufficiently in advance so that the argument may begin promptly. Each attorney or unrepresented party is directed to ensure that all other attorneys or unrepresented parties on the case are aware of the oral argument date and time. In addition, any requests for an adjournment must be made in compliance with Judge Gorenstein's rules (available at:http://nysd.uscourts.gov/judge/Gorenstein ).

      The Court notes that it is proposing revisions to the various notices to claimants (attached) in an effort to simplify the language. Also, these revisions include (1) a requirement that claimants provide an email address and telephone inasmuch as this would vastly increase the chance of finding a claimant who mailed in a claim form but did not cash their check (or whose check was returned as undeliverable); and (2) language requiring that a person seeking to dispute the calculation of weeks worked must do so by attaching a letter to the claim form.

      The Court is separately emailing a Word version of these documents. It is strongly suggested that the parties do a comparison of the Court's proposed versions to the parties' original versions so that the parties are aware of all of the Court's proposed changes. If the parties disagree with any of the changes, they should raise their disagreements at the oral argument.

      As to the merits of the settlement proposal itself, the Court has the following questions that the parties should be prepared to address at the oral argument. (If they wish, they are free to send a writing in advance stating their position on any of the issues.):

      I. It would appear far more equitable to distribute funds according to the <u>number of</u>

hours worked per week over 40 rather than according to the number of weeks worked. Why did the parties choose to allocate by the number of weeks (paragraph 9.2(B))? Does this not result in a situation where a class member who worked 10 hours in a particular week receives the same payment as a class member who worked 60 hours in that week? Is there a reason such an allocation is fair?

II. The Court is concerned that there may be insufficient information to ensure that the notice is received by all class members. What makes the parties believe they have accurate mail and email addresses for the class members (paragraph 5.2(B))? Is there a plan in effect by the Settlement Administrator or counsel to obtain accurate mail and email addresses before the first mailing is made? More importantly, are cellphone numbers not available? Why is there not a provision for sending a text or email to class members at some point after the initial mailing to ensure there was receipt?

III. It appears from paragraph 9.1(B) of the Settlement Agreement that the defendant is not required to fund the entire $1.1 million amount until 20 months after the date of the Court's preliminary approval order. In light of this fact, the Court would like to discuss with the parties what steps will be taken so that, in the event that a substantial number of class members send in a claim form, greater efforts will be made to ensure that the Settlement Administrator has up-to-date addresses for the class members. The Court has already changed the claim form to require the plaintiffs to provide email addresses. Additionally, affirmative and cost-effective efforts might be made during this lengthy period to ensure that contact is maintained, for example through emails or texts.

IV. If the defendant fails to fully fund the settlement (paragraph 9.1(F)), why should plaintiffs not be entitled to a judgment for an amount over and above the agreed settlement amount ? Because the settlement is a compromise, the Court does not understand why, if it fails to pay the compromised amount, the defendant should simply have a judgment entered against it for that same amount. In the Court's experience, there is normally a significant downside built in to dissuade a defendant from failing to adhere to a payment plan — typically, the threat of a judgment for double the amount remaining due or, at a minimum, an additional 20% of the settlement amount.

V. The Court wonders if it is really the case that the text of the "reminder postcard" can actually fit on a postcard.

SO ORDERED.

Dated: February 11, 2020
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HELEN ABRAHAM and NATOYA KERDEANE SYLVESTER, on behalf of themselves, individually, and on behalf of all others similarly-situated,

Plaintiffs,

-against-

PROMISE HOME CARE AGENCY, INC.,

Defendant.

**Docket No.:**
**1:18-cv-4502 (GWG)**

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*A court authorized this notice. This is not a solicitation from a lawyer.*
*This is not a lawsuit against you and you are not being sued.*
*However, you should read this notice because it affects your legal rights.*

**IF YOU WORKED AS EITHER A REGISTERED NURSE OR A LICENSED PRACTICAL NURSE FOR PROMISE HOME CARE AGENCY, INC. ("Promise") AT ANY TIME BETWEEN JANUARY 1, 2015 AND THE PRESENT, YOU MAY BE ENTITLED TO RECEIVE A PORTION OF A CLASS ACTION SETTLEMENT.**

*PLEASE READ THIS NOTICE CAREFULLY.* This notice relates to the settlement of class action litigation. It contains important information about your right to participate in a settlement and claim money from the settlement or to exclude yourself from the lawsuit and/or not participate.

## I. INTRODUCTION

Helen Abraham and Natoya Kerdeane Sylvester ("Plaintiffs"), on behalf of themselves and other nurses who worked for Promise in New York between January 1, 2015 and now, have sued Promise in a lawsuit filed in the United States District Court for the Southern District of New York. The lawsuit is called *Helen Abraham, et al., Plaintiffs, v. Promise Home Care Agency, Inc., Defendant*, Docket No. 1:18-cv-450-GWG ("the Lawsuit"). Promise is the Defendant. In the Lawsuit, Plaintiffs say they were not paid unpaid overtime wages and are entitled to certain penalties under two laws: the Fair Labor Standards Act ("FLSA") and the New York Labor Law

("NYLL" or "New York law"). The Court has certified the Lawsuit to be a class action for settlement purposes and you have been identified as a potential Class Member. That is why you are receiving this notice. Promise has reviewed and investigated this matter and it denies any wrongdoing. Nevertheless, Promise has decided to settle the Lawsuit in order to avoid the expense of further litigation and the ongoing disruption to its business operations. Plaintiffs and Promise have entered into a Settlement Agreement. which is described in more detail next.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **RETURN THE CLAIM FORM AND PARTICIPATE IN THE SETTLEMENT** | If you properly fill out the attached Claim Form and send it to the Claims Administrator, [NAME] by [**90 Days from Date of Mailing**], you will receive a settlement payment. You will also give up your right to sue Promise for any past wage-and-hour and other employment claims |
| **DO NOTHING** | If you do not return a timely and valid Claim Form and you do not exclude yourself from the settlement, you will not receive a payment. Nonetheless, you will be deemed to have released all of your wage and hour-related claims under the NYLL and any other New York state or local law governing the payment of wages for hours worked. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | If you make a timely and valid request to exclude yourself from the settlement by sending a written, signed Opt-Out Statement to the Claims Administrator by **[90 Days from Date of Mailing]**, you will not receive a settlement payment and you will not give up your right to sue Promise for any claims that you may have under any law. |
| **OBJECT TO THE SETTLEMENT** | If you object to the settlement, you can write to the Claims Administrator about why you disapprove of the settlement. If you submit a timely and valid objection to the settlement by [**90 Days from Date of Mailing**], your objection will be considered and you may also be allowed to appear and present your objection in Court at the final fairness hearing. Please note that, even if you object to the settlement, you must still return a valid Claim Form by the deadline to receive a settlement payment. |

# BASIC INFORMATION

### 1. What is the purpose of this Notice?

The Court has ordered that this Notice be sent to you because you worked at Promise as a nurse in New York at some point between January 1, 2015 and now, which is called the "Class Period." The purpose of this Notice is to inform you of your rights and options and the **deadline for claiming money and exercising your rights** under the Settlement Agreement.

The Court still has not decided whether or not to approve the settlement. You will receive a payment only if the Court approves the settlement.

## 2. What is this lawsuit about?

Plaintiffs sued Promise alleging that Promise did not pay its nurses overtime wages and did not provide certain notices to its workers as required by law. The plaintiffs sued on their own behalf, and on behalf of all other similarly-situated nurses - - including both Registered Nurses ("RNs") and Licensed Practical Nurses ("LPNs").

The Honorable Gabriel W. Gorenstein, United States Magistrate Judge for the Southern District of New York, located in Manhattan, is overseeing this class action Lawsuit. The Lawsuit is known as *Abraham v. Promise Home Care Agency, Inc.*, Docket No. 1:18-cv-4502-GWG.

## 3. Why is this a class action?

In a class action, the individuals called the "Class Representatives" sue on behalf of others who have the same or similar claims. Here, Helen Abraham and Natoya Kerdeane Sylvester are the Class Representatives. People with the same or similar claims, like you, are called "Class Members." In a class action, a court resolves the claims of all Class Members in a single case, except for those Class Members who decide to exclude themselves from the Class, as explained in section 10 of this Notice.

## 4. Why is there a settlement?

Although both the Plaintiffs and Promise believe that they would win if there were a trial, this case did not go to trial. The Court did not decide in favor of either side. Instead, the parties agreed to a settlement. This avoids the costs of a trial and the risk that Promise would not have been able to pay if the Plaintiffs had won, or the risk that Plaintiffs would not have won anything. A settlement means the Plaintiffs and the Class Members will be compensated for their claims. The Plaintiffs and their attorneys think that a settlement is the best decision for everyone involved and that this particular settlement is a fair one. The judge in the case, however, will make the final decision on whether the settlement is fair.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

## 5. What does the settlement provide?

To avoid the burden, expense, inconvenience, and uncertainty of continuing the Lawsuit, Promise has agreed to pay up to a maximum of $1,100,000.00, to be distributed among nurses who worked during the Class Period and who submit a Claim Form. Only those Class Members who submit a valid Claim Form by the deadline will receive a settlement payment. The settlement amount will also provide payments to Plaintiffs' counsel for attorneys' fees and costs. Plaintiffs' attorneys will also ask the Court to approve awards to the two plaintiffs totaling $30,000.00, for the services that they provided to the Class Members in pursuing this lawsuit and in securing this settlement.

After deducting these amounts, there will be a total of approximately **[$X - - TO BE ENTERED BY CLAIMS ADMINISTRATOR]** remaining. This is called the Net Settlement Amount ("NSA"), and it is the amount that will be available to pay the participating Class Members their shares of the settlement.

## 6. How much will my payment be?

Based on a formula preliminarily approved by the Court, the settlement payment for each Class Member who returns a timely and valid Claim Form will be calculated as follows:

1. For the period from January 1, 2015 through May 20, 2015:

    a. Each Class Member who worked during this time period shall as a RN be awarded $2.63 per week as a RN, up to a total of $50.00, based on the number of weeks worked (i.e., if an RN worked nineteen (19) weeks from January 1, 2015 through May 20, 2015, he/she will be awarded $50.00). Said amount shall be deducted from the Net Settlement Amount (the "Adjusted Net Settlement Amount") prior to calculating each Participating Claimant's share of the Net Settlement as set forth in Paragraph 6 below;

    b. Each Class Member who worked during this time period as a LPN shall be assigned 1.0 point for each week worked as a LPN;

    c. If a Class Member worked as both a RN and as a LPN in a given week during this time period, then the Class Member will be entitled to the same award as if they worked only as a RN for that week.

2. For the period from May 21, 2015 through the date the preliminary approval motion is filed:

a. Each LPN shall be assigned 1.35 points for each week worked;

   b. Each RN shall be assigned 1.6 points for each week worked.

   c. If a Class Member worked as both a RN and as a LPN in a given week during this time period, then the Class Member will be entitled to the same award as if they worked only as a RN for that week.

3. Calculate the number of points for each Class Member.

4. Add all points for all Class Members to obtain the "Total Denominator."

5. Divide the number of points for each Class Member by the Total Denominator to obtain each Class Member's allocated percentage of the Net Settlement Amount.

6. Multiply each Participating Claimant's percentage against the Adjusted Net Settlement Amount, and if applicable, add to that number any RNs' shares pursuant to Paragraph 1(a) above to determine the Settlement Payment of each Participating Claimant.

This formula can accurately be represented as follows:

$$Adjusted\ NSA\ X\ \frac{Individual\ Class\ Member's\ Total\ Points}{Class\ Members'\ Combined\ Total\ Points} + Individual\ RN\ pre-May\ 2015\ Amount\ (as\ applicable) = Individual\ Settlement\ Amount$$

If you participate in the settlement, we estimate that your individual settlement amount will be approximately **[ESTIMATED INDIVIDUAL SETTLEMENT AMOUNT -- TO BE FILLED IN BY CLAIMS ADMINISTRATOR]**. The calculation of all work weeks is based on Promise's business records, which reflect that you worked **[HOW MANY WEEKS IN EACH OF THE TWO TIME PERIODS – CLAIMS ADMINISTRATOR TO FILL IN]**. If you disagree with the number of weeks that Promise's records show that you worked, you may dispute this by supplying sending a letter attached to your claim form that explains your disagreement.

Half of your settlement payment will be considered past wages and half will be treated as non-wage income to you. Specifically, fifty percent (50%) of your Individual Settlement Amount will be characterized as back-wages and subject to all required employee-paid payroll taxes (federal income taxes, state income taxes, employee's share of FICA and FUTA taxes, and any other legally-required deductions), which will be deducted from your payment. The other fifty percent (50%) of your Individual Settlement Amount will be characterized as payment for liquidated damages, penalties, and interest and will be treated as income to you, but the Claims Administrator will not withhold taxes from this amount. The Claims Administrator will report the back-wage payment to you on an IRS Form W-2 and the liquidated damage/penalty/interest payment to you

on an IRS Form 1099. You will be responsible for the filing and payment of all taxes associated with any amounts paid to you for which you receive a Form 1099.

# HOW TO GET YOUR PAYMENT

### 7. How can I get my payment?

If you send in your Claim Form and Release on time (and if you do not exclude yourself as explained in section 10), you will become a Participating Claimant and receive a payment, as long as the Court approves this settlement. Your Claim Form and Release must be sent to Rust Consulting, Inc., the Claims Administrator in this Action, at **[RUST CONTACT INFO]**. Your Claim Form and Release must be received or postmarked by ***[90 DAYS FROM THE DATE OF MAILING OF THE NOTICE]***.

Sometime later, you will be mailed a check. You will have 120 days from the date the checks are issued to cash or deposit them. Because it may take many months for the checks to be mailed, it is VERY IMPORTANT that you inform the Claims Administrator if your address, phone number or email address change after you submit your Claim Form. If any of these change, please contact the Claims Administrator at:

> Rust Consulting, Inc.
> *Re: Abraham v. Promise Home Care Case*
> [RUST CONTACT INFO]

**PLEASE BE SURE THAT THE CLAIMS ADMINISTRATOR HAS YOUR CONTACT INFORMATION. IF YOU DO NOT PROVIDE IT, YOU MAY NOT RECEIVE A SETTLEMENT PAYMENT.**

### 8. When will I get my settlement payment?

The Court will hold a fairness hearing on **[DATE]**, at **[TIME]**, to decide whether to approve the settlement. If you have sent in your Claim Form and Release and the Court approves the settlement, your payment will be mailed to you sometime later. You must cash or deposit the check within 120 days after its issue date or else the uncashed check will be void. If that happens, your Release of Claims will still be valid. The check will not be reissued unless you can give a good reason to the Claims Administrator why you did not cash or deposit the check on time and you do so within 30 days from the expiration of the 120-day period.

### 9. What am I giving up by submitting the Claim Form and staying in the class?

If you submit the Claim Form and Release you will remain a Class Member. This means that you cannot sue, continue to sue, or be a party in any other lawsuit against Promise for any FLSA or NYLL claim through the effective date of the settlement, which is either 180 days after [DATE FOR SUBMISSION OF PRELIMINARY APPROVAL MOTION], or the date that the Court finally approves the settlement, whichever is sooner.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

### 10. How do I exclude myself from the settlement?

To exclude yourself from the settlement, you must send a letter by U.S. mail stating the following: "I ELECT TO EXCLUDE MYSELF FROM THE SETTLEMENT IN *Abraham v. Promise Home Care Agency, Inc.*" Any such letter must also include your name, address, and telephone number, and you must sign it. You also must include a statement that you understand that by excluding yourself from the settlement, you will not receive any payment in the case. Your exclusion request must be received or post-marked by no later than **[*90 DAYS FROM MAILING NOTICE*]** and sent to Rust Consulting, Inc., the Claims Administrator in this Action, at [RUST CONTACT INFO]

If you ask to be excluded from the settlement, you will not receive a settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this Lawsuit. If you sue Promise in the future, your suit will be subject to, among other things, the statute of limitations. Please note that if you send in a request to be excluded and also send in a timely Claim Form, the Claims Administrator will send you a letter seeking clarification of whether you intend to opt-out of the settlement or become a Participating Claimant. You must then provide a response within twenty (20) days of the mailing, or the deadline to submit your claim form, whichever is later. If you do not clarify your position, you will be deemed to have excluded yourself from the settlement.

### 11. What happens if I do nothing?

"Opting out" of the settlement is different from simply not sending back the Claim Form and Release. If you do nothing, you will not be entitled to collect any money under the settlement, but you will still release Promise from all of your claims under New York's wage laws, including the NYLL. In other words, if you do not send back the Claim Form or a letter excluding yourself, you cannot collect for these New York law claims now or later.

# OBJECTING TO THE SETTLMENT

### 12. How do I tell the Court that I object to the settlement?

You can object to the settlement agreement if you are unhappy with it or disagree with any part of it. You may object to any part of the settlement even if you agree with some parts. To object, you must send a letter via U.S. Mail stating the following: "I object to the settlement in *Abraham v. Promise Home Care Agency, Inc.*," as well as all reasons for the objection. Any reasons not included in the written objection will not be considered. The written objection must also include your name, address, and telephone number. Any objections must be received or postmarked by **[*90 DAYS FROM MAILING NOTICE*]** and be mailed to:

> Rust Consulting, Inc.
> *Re: Abraham v. Promise Home Care Case*
> [RUST CONTACT INFO]

**Even if you object, you must still submit a Claim Form and Release to collect your payment under the settlement because the Court may still approve the settlement even if you object to it.**

### 13. What is the difference between objecting to the settlement and excluding myself from the settlement?

Objecting is simply telling the Court that you do not like something about the settlement. You can only object if you do not exclude yourself from the settlement. Excluding yourself is a statement that you do not want to be part of the settlement. If you exclude yourself, you are not permitted to object to the settlement because the settlement no longer affects you.

# THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in this case?

Yes. The Court has decided that the lawyers at the firm of Borrelli & Associates, P.L.L.C. are qualified to represent you and all of the other Class Members. These lawyers have been designated

as "Class Counsel" in this Lawsuit. More information about the firm, their practice, and their experience is available at: www.employmentlawyernewyork.com.

### 15. How will the lawyers be paid?

As part of the settlement agreement, the lawyers have proposed that 29%, of the $1,100,000.00 gross settlement, or $319,000.00, will be paid to Class Counsel for their services in investigating the case, litigating the case, and negotiating the settlement. The lawyers are also asking that they be reimbursed for the costs and expenses of pursuing the lawsuit, These expenses are $ 1,586.93 so far but may increase before final approval. The Court still has not yet approved any proposed payments to Class Counsel.

# THE COURT'S FAIRNESS HEARING

### 16. When and where will the Court decide whether to approve the settlement agreement?

The Court will hold a hearing on whether the settlement is fair **at [TIME] on [DATE],** at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10017, before Judge Gabriel W. Gorenstein in Courtroom 6B.

At the fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are any objections, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the settlement. We do not know how long the Court's decision will take. The date of the hearing is subject to change without further notice, and you may contact Class Counsel or the Claims Administrator to receive an update on the status. Do not contact the Court or the Clerk of Court.

### 17. Do I have to come to the fairness hearing?

No, you do not need to come to the fairness hearing. Class Counsel will represent you at the hearing. Of course, you are welcome to attend at your own expense if you so desire. The Court will consider any objections received in a timely manner, even if the individual who sent in the objection does not appear at the fairness hearing. You may also hire your own attorney, at your own expense, to attend the fairness hearing, but it is not necessary to do so.

### 18. May I speak at the fairness hearing?

You may ask for the Court's permission to speak at the fairness hearing. To do so, you must send a letter that states "Request to Speak at the Fairness Hearing in *Abraham v. Promise Home Care*

*Case.*" Be sure to include your name, address, telephone number, and to sign your name. If you intend to appear through counsel you must state that as well, and your attorney must file a notice of appearance and serve it on all parties by [*30 Days Before Hearing*].

Your Request to Speak must be received or postmarked by no later than [*90 DAYS FROM MAILING NOTICE*], and mailed to:

Rust Consulting, Inc.
*Re: Abraham v. Promise Home Care Case*
[RUST CONTACT INFO]

Please be advised that you cannot speak at the hearing if you exclude yourself from the settlement or if you do not send in the Request to Speak by the deadline.

## GETTING MORE INFORMATION

### 19. May I obtain more details about the settlement?

You can obtain more information about the settlement or obtain a copy of the settlement agreement by contacting the Claims Administrator:

Rust Consulting, Inc.
*Re: Abraham v. Promise Home Care Case*
[RUST CONTACT INFO

**Please contact the Claims Administrator at** [RUST PHONE NUMBER], **AND NOT THE COURT, if you have questions regarding this Notice.**

Rust Consulting, Inc.
*Re: Helen Abraham, et al. v. Promise Home Care Agency, Inc.*
[RUST CONTACT INFO]

## **CLAIM FORM AND RELEASE**

To receive any portion of the settlement funds in the case of *Abraham, et al. v. Promise Home Care Agency, Inc.*, Docket No. 1:18-cv-4502-GWG (the "Lawsuit"), <u>you must sign, date, and return this Claim Form and Release to [CLAIMS ADMINISTRATOR]</u>. It must be postmarked or received by **[90 DAYS FOLLOWING INITIAL MAILING]**, and must be sent to the following address:

[CLAIMS ADMINISTRATOR]
*Re: Helen Abraham, et al. v. Promise Home Care Case*
[CONTACT INFO]

## **CHANGES OF ADDRESS:**

It is **your responsibility** to keep a current address, telephone number and email address on file with the Settlement Claims Administrator. Please make sure to notify [CLAIMS ADMINISTRATOR] of any changes.

---

***THIS FORM MUST BE RECEIVED OR POST-MARKED BY NO LATER THAN* [DATE – 90 Days after mailing].**

| *TO BE FILLED OUT BY CLAIMS ADMINISTRATOR:*<br><br>NAME:_____<br>ADDRESS:_____<br>CITY, STATE,<br>ZIP:_____ | *EMPLOYEE-- FILL IN: (I)YOUR TELEPHONE NUMBER AND EMAIL ADDRESS; AND (II)NOTE ANY CHANGES OR CORRECTIONS TO YOUR NAME OR ADDRESS AS SHOWN AT LEFT:*<br><br>TEL. (____) _____<br>    AREA CODE   TELEPHONE NUMBER<br>EMAIL: _____<br><br>CHANGES TO NAME OR MAILING ADDRESS (IF ANY):<br>_____<br>_____ |
|---|---|

    I worked for Promise Home Care Agency, Inc. in New York and wish to assert a claim against them based on my employment.

    I hereby designate the firm of Borrelli & Associates, P.L.L.C. to represent me in this action.

1

My signature below, on my behalf, and on behalf of my respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys constitutes a full and complete release and discharge of Promise Home Care Agency, Inc., ("Defendant"), Defendant's present and former parent companies, subsidiaries, predecessors, successors, assigns, related or affiliated companies, and their respective shareholders, members, officers, directors, employees, members, managers, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under, or in concert with any of them, and any individual or entity that could be jointly liable with any of them (collectively, the "Releasees"), from (i) any and all claims for any wage and hour violations that may have occurred arising from or relating to my employment or engagement with Defendant under New York state and/or local law, including but not limited to any and all claims for unpaid overtime or minimum wage pay, failure to maintain and furnish employees with proper wage records, failure to furnish notices of pay rate, failure to pay spread of hours pay, failure to pay call-in pay, and all other claims that were or could have been asserted in the Lawsuit, whether known or unknown, under New York state and/or local wage and hour laws (including but not limited to the New York Labor Law, the New York Code Rules and Regulations, and the New York Wage Theft Prevention Act), from January 1, 2015 through the earlier of either 180 days following submission of the Motion for Preliminary Approval, or the date of the Final Approval Order, whichever is sooner, and (ii) any and all claims for any wage and hour violations that may have occurred arising from or relating to my employment or engagement with Defendant, including but not limited to any and all claims for unpaid regular, overtime or minimum wages, failure to maintain and furnish employees with proper wage records, failure to furnish notices of pay rate, failure to pay call-in pay, and all other claims that were or could have been asserted in the Lawsuit, whether known or unknown, under any federal law or regulations (including, but not limited to, the Fair Labor Standards Act, 29 U.S.C. § 201, et seq), from January 1, 2015 through the earlier of either 180 days following submission of the Motion for Preliminary Approval, or the date of the Final Approval Order, whichever is sooner. The foregoing release and discharge includes all claims for unpaid regular overtime, or minimum wages (including statutory claims), late payment of wages, vacation, commissions, bonuses, severance pay, all other possible claims arising under any New York state or local or federal wage and hour law or regulation, interest on such claims, liquidated damages, penalties, attorneys' fees and costs related to such claims, and all other available remedies and relief of any kind or nature whatsoever related to such claims, arising from my employment with Defendant and/or Releasees. Said release and discharge shall bind me and my current, former, and future heirs, spouses, executors, administrators, agents, and attorneys.

By signing this Consent Form and Release, I authorize Borrelli and Associates, P.L.L.C. to file this Form with the Court.

I declare under penalty of perjury that the above information is correct.

| | |
|---|---|
| DATE | SIGNATURE |

2

# REMINDER – THE DEADLINE TO PARTICIPATE IN THE PROMISE HOME CARE CLASS ACTION SETTLEMENT IS [*90 DAYS FROM MAILING ORIGINAL NOTICE*]

## *Abraham v. Promise Home Care Agency, Inc.*
## *Docket No.: 1:18-cv-4502 (GWG) (S.D.N.Y.)*

*Important: You are NOT being sued. This Notice is NOT a solicitation from a lawyer. The Court authorized this Notice.*

You were previously sent a "Notice of Proposed Class Action Settlement" and an attached "Claim Form and Release." This postcard is to remind you that the deadline to participate in the class action settlement against PROMISE HOME CARE AGENCY, INC. is [*90 days from mailing original notice*]. If you want to participate in the settlement, you must take two steps:

**STEP 1:** COMPLETE AND SIGN THE "CLAIM FORM AND RELEASE" FORM INCLUDED WITH THE NOTICE OF PROPOSED CLASS ACTION SETTLEMENT; *AND*

**STEP 2:** MAIL THE "CLAIM FORM AND RELEASE" TO ONE OF THE ADDRESSES BELOW TO ALLOW FOR RECEIPT BY ON OR BEFORE **[90 days from mailing original notice]**:

RUST CONSULTING, INC.
RE: PROMISE HOME CARE SETTLEMENT
[RUST CONTACT INFO]

*or*

| | |
|---|---|
| Borrelli & Associates, P.L.L.C. | You can also fax the Claim Form to (516) |
| 910 Franklin Avenue, Suite 200 | 248-6027; or scan and email it to |
| Garden City, New York 11530 | mjb@employmentlawyernewyork.com |

If you are receiving this Reminder Notice, you should only make your decision to participate in this class action settlement after reviewing the information contained in the "NOTICE OF PROPOSED CLASS ACTION SETTLEMENT." If you have not received the "NOTICE OF PROPOSED CLASS ACTION SETTLEMENT" or "CLAIM FORM AND RELEASE" that was mailed to you on or about [DATE], you may contact the law firm Borrelli & Associates, P.L.L.C. by phone, (516) 248-5550, or by e-mail at mjb@employmentlawyernewyork.com, to request a copy. You may also contact the class action settlement claims administrator at Rust Consulting, Inc., [RUST CONTACT INFO]. You may contact the law firm or Rust Consulting Inc. to confirm that they have received your "Claim Form and Release."