UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HELEN ABRAHAM and NATOYA KERDEANE SYLVESTER, on behalf of themselves, individually, and on behalf of all others similarly-situated,<br><br>                          Plaintiffs,<br><br>-against-<br><br>PROMISE HOME CARE AGENCY, INC.,<br><br>                          Defendant. | **Docket No.:**<br>**1:18-cv-4502 (GWG)** |

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, SERVICE AWARDS, AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND THE ENTRY OF FINAL JUDGMENT**

WHEREAS, this matter has come before the Court, on consent of all parties, for a fairness hearing on November 30, 2020, pursuant to the Court's Order granting Plaintiffs' Motion for Preliminary Approval of the Settlement, Certification of Settlement Class, Appointment of Named Plaintiffs as Class Representatives, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Proposed Notice of Settlement and Class Action Settlement Procedure ("Preliminary Approval Order") (Dkt. No. 121), and

WHEREAS, due and adequate notice having been given to the Class Members as defined below, as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein to determine the fairness of and final approval of the parties' settlement on behalf of the Named Plaintiffs and Opt-in Plaintiffs (together as "FLSA Plaintiffs") and the Rule 23 New York class action Plaintiffs ("Rule 23 Plaintiffs," and together with the FLSA Plaintiffs as "Class Members") as modified by paragraphs 6(d) and 7(l) below (hereinafter referred to as the "Settlement"), and otherwise being fully informed and for good cause shown, and

WHEREAS, the Court finds that the Settlement as modified by paragraphs 6(d) and 7(l) below reached by the parties is fair, reasonable, adequate, and in the best interests of the FLSA Plaintiffs and the Rule 23 Plaintiffs as defined in the Court's Preliminary Approval Order, and satisfies all requirements of Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23(a) and (b)(3), as well as Section 216(b) of the Fair Labor Standards Act ("FLSA"),

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Order GRANTING the Motion for Final Approval of Class and Collective Action Settlement, Service Awards, an Award of Attorneys' Fees and Expenses, and the Entry of Final Judgment, incorporates by reference the definitions in the Settlement Agreement and all exhibits, addendums, stipulations, and schedules thereto.

2. This Court has subject matter jurisdiction over this litigation and all members of the Federal and New York classes.

3. After consideration of the evidence, the Court finds that the mailing, emailing, texting, and distribution of the Notice of Class Action Settlement ("Notice") constituted the best notice practicable under the circumstances, and that such Notice, including individual notice to Class Members whose mailing addresses, email addresses, phone numbers or other contact information were identified through reasonable effort, constituted valid, due, and sufficient notice to all persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

4. On behalf of the FLSA Plaintiffs and Rule 23 Plaintiffs, this Court hereby approves the Settlement as modified by paragraphs 6(d) and 7(l) below, finds that it is, in all respects, fair, reasonable, adequate, and in the best interest of Class Members, and with respect to the Rule 23

Plaintiffs, satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) and *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), and with respect to the FLSA Plaintiffs, satisfies *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and those factors identified in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). The Court directs that the Settlement as modified by paragraphs 6(d) and 7(l) below be consummated in accordance with the terms and conditions set forth in the Preliminary Approval Order and Orders all parties to take the necessary steps to effectuate the Settlement as modified.

5. The Court has previously certified, and now grants in light of the date of entry of the Preliminary Approval Order, final certification to the following two Settlement Classes:

   a. under 29 U.S.C. § 216(b), all Registered Nurses ("RN") and/or Licensed Practical Nurses ("LPN") (together, as "Nurses") who worked for Defendant at any time from January 1, 2015 to April 19, 2020, and who have either already opted-in to this action prior to the Preliminary Approval Order, or who submitted a claim form thereafter to thereby opt-in to this action; and

   b. under Fed. R. Civ. P. 23(a) and (b)(3), all individuals who worked as a Nurse for Defendant in New York, at any time from January 1, 2015 to April 19, 2020.

6. The Court hereby makes the following findings of fact:

   (a) Class Counsel has vigorously prosecuted this case and conducted extensive investigation of the governing law, relevant facts, and relevant documents. During the prosecution of the litigation, Class Counsel and Defendant's counsel undertook meaningful and sufficient investigation and the parties exchanged sufficient and adequate discovery to fully and fairly evaluate the claims and defenses asserted by the parties, and to make an informed decision about the Settlement.

(b) The distribution of the Settlement as modified by paragraphs 6(d) and 7(l) below is fair, reasonable, and equitable.

(c) The Settlement as proposed provides for a Settlement Fund of $1,100,000.00, of which $731,433.65 is available as the Net Settlement Amount to satisfy the claims of the Settlement Class Members.  Out of 480 people mailed notices, three Class Members opted out - - Sawson Speede, Matila O. Oyoyemi, and Lindon Morrison - - and zero Class Members objected.  Class Members were required to submit claim forms or to have already opted-in to the conditionally certified collective in this matter, of which a combined total of 116 Class Members will be mailed a check for their individual settlement amounts, calculated based on the formula found in Paragraph 9.2(B) of the Parties' Settlement Agreement, Dkt. No. 116-1, as amended by the Parties' March 26, 2020 stipulation, Dkt. No. 120-1, April 15, 2020 stipulation, Dkt. No. 123, and May 22, 2020 stipulation, Dkt. No. 126.

(d) The proposed service awards to Named Plaintiffs Helen Abraham and Natoya Kerdeane Sylvester of $30,000 represent nearly 3% of the total Settlement Fund.  Given that these plaintiffs were not deposed, and given the relatively high percentage that would otherwise go to these two plaintiffs rather than other Class Members, the Court finds the proposed amount to be too high.  Nonetheless, the Court recognizes that these plaintiffs made significant contributions to the litigation and according finds that it would be appropriate to award them $8,000.00 each, for a combined total award of $16,000.00.  Because this amount is $14,000 less than the proposed settlement, the additional $14,000 shall be added to the Net Settlement Amount and distributed to the class.

   (e)  The Court approves the payment of $319,00.00, or the equivalent of 29% of the total Settlement Fund as attorneys' fees, plus $1,855.11 for Class Counsel's out-of-pocket expenses, totaling $320,855.11, to be paid to Class Counsel.

   (f)  Class Administrator fees are to be paid to Rust Consulting, Inc. ("Rust") in the amount of $17,770.00, plus $856.25 for notifying the Class that the fairness hearing was converted to a telephone conference and providing dial-in information, for a total of $18,626.25.

   (g)  Given the disputed issues of fact and law and the risks to the Class Members, and the further delay that would be caused by continued litigation, including potential trial, and the subsequent appeal of any judgment after trial, the Settlement as modified by paragraph 6(d) above is fair, reasonable, and in the best interests of the Class Members.

   (h)  Considering the factual and legal issues in dispute, anticipated motion practice, the possibility of trials and appeals, and the expected duration of litigation, the terms and amount offered in the Settlement as modified by paragraph 6(d) above are fair and reasonable.

   (i)  Class Counsel has extensive experience in wage and hour collective and class action litigation and Class Counsel is therefore well equipped to have negotiated a fair settlement for the FLSA Plaintiffs and the Rule 23 Plaintiffs. Class Counsel's opinion merits great weight both because of Class Counsel's familiarity with the litigation and because of their extensive experience in similar actions.

   (j)  All counsel represented the interests of their clients vigorously and devoted a considerable amount of time, effort, and resources to secure the terms of the Settlement, including the plan of allocation and distribution to ensure a fair, adequate, and equitable distribution.

  7.  Based on those findings of fact, the Court hereby ORDERS as follows:

(a) The terms and provisions of the Settlement as modified by paragraph 6(d) above have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Classes, and in full compliance with all applicable due process requirements. The Parties are hereby directed to comply with the terms of the Settlement as modified by paragraphs 6(d) and 7(l) below and this Order and Final Judgment. Rust is hereby directed to distribute payments to the 117 participating Class Members as of the date that the Parties filed their motion for final approval in accordance with the terms of the Settlement as modified, plus any individuals from whom claims forms were received and accepted by the parties from that date to present, if any.

(b) The Settlement as modified by paragraphs 6(d) and 7(l) below is hereby approved as fair and reasonable. The allocation and distribution as set forth in the Settlement are final.

(c) Neither the Settlement, nor any of its provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission by any party of the truth of any allegations in this action, or of any liability, fault, or wrongdoing of any kind.

(d) The Named Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs other than the two opt-outs, shall be bound by all of the terms, obligations, and conditions of the Settlement, including but not limited to the release of claims set forth therein, and all determinations and judgments in this action concerning the Settlement.

(e) All Class Members who received Notice, regardless of means, including the Named Plaintiffs and Opt-in Plaintiffs, hereby release Defendant from New York Labor Law wage and hour claims that were asserted or could have been asserted in this lawsuit.

(f) Class Members who submitted a claim form, or, for all those who by virtue of opting in to the action became Participating Claimants, cash their settlement checks, will in either event thereby release Defendant from FLSA wage and hour claims that were asserted or could have been asserted in this lawsuit.

(g) Having reviewed the appropriate case law, the request for Service Awards is granted. Rust is hereby ordered to pay Named Plaintiffs in the amount of $8,000.00 each, for a total of $16,000.00, apportioned from the Settlement Funds as explained in the Notices.

(h) Having reviewed the appropriate case law and Class Counsel's billing records and having conducted a cross-check with Class Counsel's lodestar calculation, and with no objection from Defendant or any Class Member, the Court finds that Class Counsel's application for attorneys' fees in the amount of $319,000.00, apportioned from the Settlement Funds as explained in the Notices, is fair and reasonable and is granted. Having reviewed Class Counsel's request for reimbursement of out-of-pocket expenses and accounting of all expenses, and with no objection by Defendant or any Class Member, Class Counsel's request for expenses in the amount of $1,855.11, apportioned from the Settlement Funds as explained in the Notices, is granted.

(k) Rust is to be paid $18,626.25 for its administration fees and costs from the Settlement Amount, apportioned from the Settlement Fund as explained in the Notices.

(l) Should any Class Members fail to cash their checks within 120 days of distribution, Rust or plaintiff's counsel <u>shall take reasonable steps to locate the Class Members who failed to cash the checks and, if they cannot be located</u>, shall return the amount in uncashed checks to Defendant. <u>Within 30 days of the conclusion of the 120-day period, plaintiffs' counsel</u>

<u>shall file a sworn statement indicating how many class members failed to cash checks and for each such member shall describe what efforts were made to locate that class member</u>.

        (m)    All claims against Defendant in this action are dismissed with prejudice and the Clerk is directed to close this case, but the Court shall retain exclusive and continuing jurisdiction over the construction, interpretation, implementation, and enforcement over the Parties' Settlement and over the administration and distribution of the Settlement Fund.

    8.    Final Judgment is hereby entered pursuant to Fed. R. Civ. P. 54 and Fed. R. Civ. P. 58 consistent with the terms of the Settlement Agreement.

**SO ORDERED**, this 1st day of December, 2020, New York, New York.

 

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge